■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHNSON WILLIAMS, Appellant.— Charged in an indictment that he possessed with intent to sell allegedly obscene magazines in violation of section 1141 of the Penal Law defendant was found guilty by a jury in the County Court of Schenectady County of 11 of its counts, 1 of which was dismissed by the court after the trial. The test of obscenity under the statute is whether, taken as a whole, the dominant theme of the material alleged to be violative is so entirely lewd and lascivious as to constitute "hard-core pornography". (*People* v. *Richmond County News,* 9 N Y 2d 578.) Applying this standard to the exhibits upon which the convictions were based we find them not to fall sufficiently within the proscribed area as to establish defendant's guilt beyond a reasonable doubt. (*People* v. *Richmond County News, supra*; *Roth* v. *United States,* 354 U. S. 476; *People* v. *Urban,* 15 A D 2d 480.) Judgment of conviction reversed on the law and the facts and the indictment dismissed. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

■ RED APPLE REST, INC., et al., Plaintiffs, v. J. BURCH McMORRAN, as Superintendent of Public Works of the State of New York, Defendant.— In this submission of controversy upon agreed facts pursuant to section 546 of the Civil Practice Act it is stipulated that the defendant Superintendent of Public Works of the State of New York has appropriated small strips of plaintiffs' properties abutting State highway known as Route 17 and has erected thereon 10 to 12 feet from the edge of its pavement beam-type guardrails "so as to limit access to and from plaintiffs' premises" from the public highway. The guardrails did not extend continuously along plaintiffs' properties. Openings were provided to allow reasonable access thereto from the abutting highway. On plaintiffs' premises having a frontage of 800 feet along the east side of the public highway and abutting it for a distance of 750 feet on the west side there are maintained a restaurant, roadside rest area and bus stop and "parking areas for users of Route 17." The restaurant is open to the public 24 hours of each day during the entire year. At peak periods during the Summer season as many as 125 buses, regularly-scheduled hired limousines, trucks and thousands of private cars use plaintiffs' premises daily. It serves approximately 1,200,000 persons per year and as many as 25,000 people on a single week end. On these facts the Superintendent of Public Works was authorized to acquire the premises by appropriation and by the erection of suitable barriers to use them for the improvement of "safety conditions on the state highway system." (Highway Law, § 30, subd. 2.) The effect of the guardrails clearly tended to prevent indiscriminate and unsafe driving to and from a busy highway. We regard this as an altogether reasonable use of State land to which plaintiffs must accede. In the circumstances presented the assumption of possession of structurally unoccupied lands along the former boundary of the public highway after title had vested in the State was not an illegal exercise of the power of eminent domain. (*Weitzner* v. *Stichman,* 271 App. Div. 255, 260, affd. 296 N. Y. 907.) Judgment in favor of defendant on the merits granted, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.